# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
HELEN FORREST,                       *
                                     *    No. 14-1046V
              Petitioner,            *    Special Master Christian J. Moran
                                     *
v.                                   *    Filed: October 2, 2019
                                     *
SECRETARY OF HEALTH                  *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * * *
```

Curtis R. Webb, Twin Falls, ID, for Petitioner;
Colleen C. Hartley, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 19, 2019, petitioner Helen Forrest moved for final attorneys' fees and costs. She is awarded **$167,320.04**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

On October 27, 2014, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza ("flu") vaccine Ms. Forrest received on January 6, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer transverse myelitis. The parties filed a series of expert reports and an entitlement hearing was started on February 2, 2018, and continued on December 6, 2018. On January 28, 2019, the undersigned issued his Decision denying compensation.

On April 19, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests total fees and costs of $180,104.01, comprising work performed by petitioner's current counsel Mr. Curtis Webb as well as fees and costs incurred by petitioner's prior counsel at Maglio, Christopher & Toale, PA. Fees App. at 1-4.[2] Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. at 2. On April 22, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, petitioner's case necessitated multiple rounds of expert reports and two entitlement hearings. Respondent also has not challenged the

---

[2] Mr. Webb claims attorneys' fees of $120,799.75 and costs of $40,894.53 for a total of $161,694.28. The Maglio firm claims attorneys' fees of $16,227.20 and costs of $2,182.53 for a total of $18,409.73.

reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

  A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of attorneys: for Mr. Curtis Webb, $387.50 per hour for work performed in 2015, $401.00 per hour for work performed in 2016, $415.00 per hour for work performed in 2017, $430.00 per hour for work performed in 2018, and $440.00 per hour for work performed in 2019; for Ms. Anne Toale, $300.00 per hour for work performed in 2014-2015; for Mr. Altom Maglio, $300.00 per hour for work performed in 2015; for Ms. Diana Stadelnikas, $396.00 per hour for work performed in 2018, and for Ms. Jessica Olins, $184.00 per hour for work performed in 2018. Fees App. at 2-4. Various rates for paralegal work are also requested.

3

Upon review of the requested rates, the undersigned finds them to be reasonable and in conformance with what these attorneys have previously been awarded for their Vaccine Program work. See Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2018 WL 2772179, at *3 (Fed. Cl. Spec. Mstr. May 3, 2018); Sturdivant v. Sec'y of Health & Human Servs., No. 16-1672V, 2019 WL 410600, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2019). Additionally, Mr. Webb's requested rate of $440.00 per hour for work in 2019 is reasonable for an attorney with his overall experience and in accordance with the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2019.[3] It has also been found reasonable by other special masters. See Rothstein v. Sec'y of Health & Human Servs., No. 14-778V, 2019 WL 4013417, at *4 (Fed. Cl. Spec. Mstr. Jul. 31, 2019). Accordingly, no adjustment to the rates is required.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

1. Hours billed by Curtis Webb

The undersigned has reviewed the billing records submitted by Mr. Webb and finds that Mr. Webb and his paralegal have both overbilled for tasks[4] and

---

[3] The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

[4] This includes both individual billing entries as well as completing tasks in the aggregate. An example of the former can be found in a billing entry on 2/4/16, when Mr. Webb expended 6 hours on "Sent email to Steinman with additional questions and comments on revised report" when the two preceding entries, for 2 hours and 3 hours, also mention preparing questions for Dr. Steinman. Fees App. Ex. 2 at 4. An example of the latter issue is Mr. Webb and his paralegal expending approximately 70 hours on drafting the prehearing brief and over 35 hours on preparing the instant motion for attorneys' fees and costs. Id. at 6-8, 12-13. Both amounts of time are excessive in the undersigned's experience and in light of the work product that was the result of this time.

engaged in block billing.[5] Mr. Webb has previously been warned against these practices in the past and should be aware that these practices are disfavored by special masters. See, e.g., Rothstein, 2019 WL 4013417, at *5; Scott v. Sec'y of Health & Human Servs., No. 15-911V, 2017 WL 8682427, at *3 (Fed. Cl. Spec. Mstr. Dec. 15, 2017) (reducing hours billed due to vagueness, block billing, and billing paralegal activities at an attorney rate); Brooks v. Sec'y of Health & Human Servs., No. 14-563V, 2017 WL 6276461, at *4 n.7 (Fed. Cl. Spec. Mstr. Apr. 20, 2017) (warning Mr. Webb against block billing).

For these reasons, the undersigned finds it reasonable to reduce the final award of attorneys' costs for work performed by Mr. Webb by 10%, resulting in a reduction of **$12,079.97**. Petitioner is therefore awarded final attorneys' costs of **$108,719.78**.

      2.     Hours Billed by Maglio Christopher and Toale, PA

The undersigned has reviewed the billing records and finds the number of hours billed by the Maglio firm to be reasonable. Accordingly, petitioner is entitled to the full amount of attorney's fees sought for work performed by Maglio Christopher and Toale, PA, **$16,227.20**.

   C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

      1.     Costs Incurred by Curtis Webb

---

[5] Mr. Webb's standard billing practice appears to be combining all work performed on the case in a single day into one entry, leading to block-billed entries. For example, a 7.5 hour entry on 11/14/15 reads: "Conferred by phone with client (msg); Prepared correspondence to client; Prepared cause in fact case; Reviewed medical records: prior cancer diagnosis; Reviewed medical literature; Reviewed court orders, expert reports; Prepared correspondence to Steinman; Received email from Steinman". Fees App. Ex. 2 at 4. Entries such as these do not allow the undersigned to assess the reasonableness of the time expended on each task because it merely reflects the sum of all work performed by Mr. Webb on a given day.

Petitioner requests attorneys' costs in the amount of $40,894.53 for costs incurred by Mr. Webb, comprised of acquiring medical records and medical literature, travel costs associated with the entitlement hearing, and the work of Dr. Lawrence Steinman. Upon review of the requested costs and the submitted documentation, the undersigned finds it necessary to reduce the final award of costs due to excessive airfare billed by Dr. Steinman. Dr. Steinman's invoice reflects a charge of $1,408.00 for airfare from San Francisco to the entitlement hearing in Jacksonville. Fees App. Ex. 5 at 3. Petitioner has not submitted any receipts or itinerary supporting this cost. The undersigned finds this amount excessive because it likely represents first-class or business class airfare.

In support of this determination, the undersigned first notes that Mr. Webb's airfare, from Twin Falls, Idaho to Jacksonville was $588.00. Further, Dr. Steinman's billed airfare to the second entitlement hearing in Washington, DC was $1,641.00, but he noted that this airfare was business class and reduced the billed amount by 50% on his own volition. Id. By comparison, Mr. Webb's airfare to Washington, DC was $733.50 for economy class. The undersigned notes that the difference between Dr. Steinman's airfare and Mr. Webb's airfare is approximately equal in each case, leading the undersigned to believe that Dr. Steinman's Jacksonville airfare was also business class.[6] Accordingly, the undersigned finds it reasonable to reduce Dr. Steinman's Jacksonville airfare by 50%, a reduction of **$704.00**. Petitioner is therefore entitled to **$40,190.53** for attorneys' costs incurred by Mr. Webb.

2. Costs Incurred by Maglio Christopher and Toale, PA

Petitioner requests attorneys' costs in the amount of $2,182.53 for costs incurred by counsel at Maglio Christopher and Toale, PA for collection of medical records, postage, Lexis research, and the Court's filing fee. Upon review of the supporting documentation, petitioner has failed to provide receipts substantiating the requested amounts for Lexis research (charges of $135.89 and $54.54). Fees App. Ex. 7 at 2-3. However, the undersigned finds the undocumented amounts reasonable and related to the proceedings in this case, and therefore petitioner shall

---

[6] Even if this is not the case, both Mr. Webb and Dr. Steinman have a wealth of Vaccine Program experience and are surely aware of the requirement to support asserted costs with adequate documentation. Absent such documentation, the undersigned is empowered to make reductions sua sponte based upon what he feels is reasonable. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

Petitioner requests attorneys' costs in the amount of $40,894.53 for costs incurred by Mr. Webb, comprised of acquiring medical records and medical literature, travel costs associated with the entitlement hearing, and the work of Dr. Lawrence Steinman. Upon review of the requested costs and the submitted documentation, the undersigned finds it necessary to reduce the final award of costs due to excessive airfare billed by Dr. Steinman. Dr. Steinman's invoice reflects a charge of $1,408.00 for airfare from San Francisco to the entitlement hearing in Jacksonville. Fees App. Ex. 5 at 3. Petitioner has not submitted any receipts or itinerary supporting this cost. The undersigned finds this amount excessive because it likely represents first-class or business class airfare.

In support of this determination, the undersigned first notes that Mr. Webb's airfare, from Twin Falls, Idaho to Jacksonville was $588.00. Further, Dr. Steinman's billed airfare to the second entitlement hearing in Washington, DC was $1,641.00, but he noted that this airfare was business class and reduced the billed amount by 50% on his own volition. Id. By comparison, Mr. Webb's airfare to Washington, DC was $733.50 for economy class. The undersigned notes that the difference between Dr. Steinman's airfare and Mr. Webb's airfare is approximately equal in each case, leading the undersigned to believe that Dr. Steinman's Jacksonville airfare was also business class.[6] Accordingly, the undersigned finds it reasonable to reduce Dr. Steinman's Jacksonville airfare by 50%, a reduction of **$704.00**. Petitioner is therefore entitled to **$40,190.53** for attorneys' costs incurred by Mr. Webb.

2. Costs Incurred by Maglio Christopher and Toale, PA

Petitioner requests attorneys' costs in the amount of $2,182.53 for costs incurred by counsel at Maglio Christopher and Toale, PA for collection of medical records, postage, Lexis research, and the Court's filing fee. Upon review of the supporting documentation, petitioner has failed to provide receipts substantiating the requested amounts for Lexis research (charges of $135.89 and $54.54). Fees App. Ex. 7 at 2-3. However, the undersigned finds the undocumented amounts reasonable and related to the proceedings in this case, and therefore petitioner shall

---

[6] Even if this is not the case, both Mr. Webb and Dr. Steinman have a wealth of Vaccine Program experience and are surely aware of the requirement to support asserted costs with adequate documentation. Absent such documentation, the undersigned is empowered to make reductions sua sponte based upon what he feels is reasonable. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

be awarded the full amount of costs sought for Maglio Christopher and Toale, PA, **$2,182.53**. See Solomon v. Sec'y of Health & Human Servs., No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016).

E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$148,910.31** (representing $108,719.78 in attorneys' fees and $40,190.53 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Mr. Curtis Webb; and

2) a total of **$18,409.73** (representing $16,227.20 in attorneys' fees and $2,182.53 in costs) as a lump sum in the form of a check jointly payable to petitioner and Maglio Christopher and Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[7]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.